**FILED**
**Apr 19, 2022**
**02:34 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**





# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **PATRICIA TURNER,** | ) | **Docket No. 2020-05-0909** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **CHANNEL CONTROL** | ) | **State File Nos. 41223-2020 &** |
| **MERCHANTS LLC,** | ) | **42277-2020** |
| **Employer,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **AMERICAN ZURICH INS. CO.,** | ) | **Judge Dale Tipps** |
| **Carrier,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **ABIGAIL HUDGENS,** | ) | |
| **Administrator of the Bureau of** | ) | |
| **Workers' Compensation Subsequent** | ) | |
| **Injury Fund.** | ) | |

---

## EXPEDITED HEARING ORDER
## GRANTING BENEFITS

---

The Court held an Expedited Hearing on March 31, 2022, to determine whether Ms. Turner is entitled to temporary disability benefits and additional medical treatment.[1] Although the parties focused primarily on the reasons for Ms. Turner's termination, the Court finds that issue irrelevant under the evidence presented. As a result, the Court holds that she is likely to prevail at a hearing on the merits.

---

[1] The parties announced at the hearing that Channel Control had agreed to provide the neuropsychological evaluation and cervical MRI previously recommended by the authorized treating physicians. However, because of the extended delay in authorizing these benefits, Ms. Turner asked the Court to impose a deadline for Channel Control to do so.

# History of Claim

The parties agreed that Ms. Turner suffered compensable injuries from a workplace fall on June 29, 2020. Channel Control provided medical benefits, including neurological treatment with Dr. Nicole Bonsavage for her head injury.

In September, Dr. Bonsavage restricted Ms. Turner from performing duties that required higher cognitive functions. Ms. Turner returned to work, but Channel Control did not accommodate her restrictions, and she had to perform the same tasks that she did before the accident. In November, Ms. Turner again presented the restrictions to her manager, Cindy Reyes,who ignored them and required her to continue performing her original job duties.

Ms. Reyes placed Ms. Turner on either administrative or medical leave on January 9, 2021.[2] Ms. Turner was then fired for unprofessional conduct on January 13, although she denied being told why (using profanity in front of a customer) until she filed this claim.

If history is a set of facts agreed upon, the testimony in this case cannot be said to constitute a history. The Court has rarely faced so many witnesses who agreed upon so little. Ms. Turner denied using profanity in front of the customer, although some witnesses wrote statements or testified that she did. Other witnesses say that she did not. One witness wrote a statement and then later executed an affidavit saying that she lied in her first statement. The only thing everyone agreed upon was that cursing by employees, including Ms. Reyes, was common.[3]

To clarify her medical work status, Ms. Turner sent a questionnaire letter to Dr. Bonsavage. The doctor responded that Ms. Turner was totally off work due to her medical condition from January 8 through October 20, 2021, and she remained on light duty from October 21 through February 1, 2022. Channel Control stipulated that Ms. Turner has not reached maximum medical improvement, and the light-duty restrictions are still in effect.

Ms. Turner requested payment of temporary disability benefits beginning on January 9, 2021. She contended that her termination for cause was unwarranted and merely a pretext for denying her temporary disability benefits. She also asked for an order compelling Channel Control to promptly provide the recommended neuropsychological evaluation and cervical MRI. Finally, Ms. Turner requested that Channel Control be penalized for the delay in providing medical treatment and temporary disability benefits.

---

[2] In the recording of the meeting, Ms. Reyes variously referred to the leave as both administrative and medical.

[3] As will be seen, it is unnecessary for the Court to resolve these discrepancies to decide the issue of temporary disability benefits.

Channel Control contended that Ms. Turner is not entitled to temporary disability benefits because "but for her termination, [she] would still be working light duty." Channel Control argued that her termination for cause extinguished her right to temporary disability benefits.

## Findings of Fact and Conclusions of Law

For the Court to grant Ms. Turner's requests, she must prove she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2021); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Channel Control did not contest the compensability of the injury. Therefore, the question is whether she is likely to show she is entitled to the additional requested benefits.

*Temporary Disability Benefits*

Throughout the hearing, the parties framed their requests and arguments solely in terms of temporary total disability benefits. However, there is more than one type of temporary disability benefit, and the difference between them is material to the facts of this case.

To receive temporary total disability benefits, Ms. Turner must prove (1) she became disabled from working due to a compensable injury; (2) a causal connection between her injury and her inability to work; and (3) her period of disability. For temporary partial disability benefits, she must show that her treating physician returned her to work with restrictions that Channel Control either could not or would not accommodate. *See Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7, 8 (Dec. 11, 2015). The only medical proof of disability or restrictions comes from Dr. Bonsavage.

Beginning with the first category of benefits, Dr. Bonsavage concluded that Ms. Turner was completely unable to work from January 8 through October 20, 2021, because of her ongoing neurological problems. Based on this unrefuted evidence, Ms. Turner has satisfied the three requirements in *Jones*. Whether she was terminated for cause is only relevant to a claim for temporary *partial* disability benefits. *See Woodard v. Freeman Expositions, LLC,* 2021 TN Wrk. Comp. App. Bd. LEXIS 21, at *6 (July 16, 2021). Therefore, the Court finds she is likely to prove entitlement to temporary total disability benefits for this period. At the agreed compensation rate of $314.77, these benefits total $12,860.60.[4]

---

[4] The parties did not agree on a compensation rate or present any evidence as to Ms. Turner's average weekly wage. To avoid a bifurcated hearing, the Court offered the parties the option of submitting an agreed-upon rate or reconvening to hear proof on this issue. The parties advised the Court of their agreement on a compensation rate on April 19.

As to temporary partial disability, Dr. Bonsavage assigned restrictions to Ms. Turner. Under *Jones*, the question then becomes whether her employer would or could accommodate those restrictions. Channel Control presented no evidence that, had Ms. Turner not been fired, it would have been able to return her to work duties within her medical limitations. Although Joel McCord, a vice president of the company, testified that it "typically" accommodated restrictions, he did not say that Channel Control could do so in this case. In fact, he was unaware of Ms. Turner's specific restrictions. The absence of proof on this issue suggests that Ms. Turner is likely to prove entitlement to ongoing temporary disability benefits beginning on October 21, 2021, a conclusion supported by her undisputed testimony that her managers flatly refused to accommodate her restrictions when she first returned to work.

## *Medical Benefits*

As noted above, Channel Control agreed at the hearing to provide the neuropsychological evaluation ordered by Dr. Bonsavage in January 2021 and the cervical MRI recommended by Dr. Cason Shirley in October 2021. Because of the significant delay in providing this treatment, the Court agrees that a deadline is appropriate and orders Channel Control to schedule the evaluation and procedure within ten business days of the entry of this order.

## *Penalties*

Tennessee's workers' compensation statute authorizes a twenty-five percent penalty when an employer "fails to pay, or untimely pays, temporary disability benefits within twenty (20) days after the employer has knowledge of any disability that would qualify for benefits under this chapter." Tenn. Code Ann. § 50-6-205(b)(3)(A). This penalty provision only applies to temporary total disability benefits. *Lowder v. XPO Logistics Freight,* 2019 TN Wrk. Comp. App. Bd. LEXIS 50, at *4-7 (Sept. 4, 2019). Because there is no record of Dr. Bonsavage assigning total work restrictions until her letter of March 9, 2022, it is unclear when Channel Control became aware of the disability. The Court therefore declines to order the twenty-five percent penalty.

Other penalties, however, may be appropriate. Channel Control failed to provide a recommended medical evaluation ordered by Dr. Bonsavage for over a year, and Dr. Shirley's MRI order has been pending for at least five months. This egregious failure to provide medical benefits constitutes an improper denial of treatment. Further, Channel Control failed to provide a wage statement once the Dispute Certification Notice was issued. *See* Tenn. Comp. R. & Regs. 0800-02-21-.10(2)(6). For these reasons, the Court refers this case to the Compliance Program for investigation and potential assessment of a civil penalty. Upon its issuance, a copy of this Order will be sent to the Compliance Program. *See* Tenn. Comp. R. & Regs. 0800-02-24-.03.

**IT IS, THEREFORE, ORDERED** as follows:

1. Channel Control shall continue to provide medical benefits and must schedule the recommended neuropsychological evaluation and cervical MRI within ten business days of the entry of this order.

2. Channel Control shall pay Ms. Turner temporary total disability benefits totaling $12,860.60.

3. Channel Control shall pay Ms. Turner temporary partial disability benefits totaling $9,128.33 for the period of October 21, 2021, to April 21, 2022, and continuing as long as her temporary disability exists.

4. This case is referred to the Compliance Program for consideration of the imposition of a penalty regarding Channel Control's failure to provide authorized medical treatment and file a wage statement.

5. A status hearing will take place on **June 22, 2022, at 9:30 a.m. Central Time.** The parties must call 615-532-9552 or toll-free at 866-943-0025 to participate. Failure to call might result in a determination of issues without your participation.

6. Unless an interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit confirmation within seven business days may result in a penalty assessment for non-compliance. For questions regarding compliance, contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED April 19, 2022.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:
1. Ms. Turner's affidavit
2. Affidavit of LeeAnn Williams
3. Affidavit of Maggie Baker
4. Declaration of Becky Guthrie
5. Off Work Notes dated June 25 and November 11, 2021
6. Dr. Bonsavage's March 9, 2022 response to questionnaire
7. Neuropsychological consultation and MRI referrals
8. Audio recording

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employee's Pre-Hearing Brief
5. Employer/Carrier's Compensation [sic] Hearing Brief
6. Employee's Witness and Exhibit Lists
7. Employer's Witness list
8. Employer's List of Proposed Exhibits

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent as indicated on April, 19, 2022.

| Name | Certified Mail | Via Email | Service Sent To |
|------|------|------|------|
| Jill T. Draughon, Esq. Employee's Attorney | | X | jdraughon@hughesandcoleman.com |
| Rosalia Fiorello, Esq. Employer's Attorney | | X | rfiorello@wimberlylawson.com |
| Patrick Ruth, Esq. SIF Attorney | | X | Patrick.ruth@tn.gov |
| Compliance Program | | X | WCCompliance.Program@tn.gov |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*